UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TWAN CAMPBELL,

        Plaintiff,

    v.                                                              25-CV-340-LJV
                                                                        ORDER
MICHAEL BUONGIORNE
CONSTRUCTION INK and MICHAEL
BUONGIORNE CONSTRUCTION,

        Defendants.

_____

        On April 16, 2025, the pro se plaintiff, Twan Campbell, filed a complaint asserting

claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age

Discrimination in Employment Act of 1967 ("ADEA"). Docket Item 1. Campbell also

may want to raise claims under the Fair Labor Standards Act ("FLSA") and for "[a]ssault,

[l]ibel[, s]lander" and "[o]ther [p]ersonal [i]njury." *See* Docket Item 1-1.[1] He also has

moved to proceed in forma pauperis (that is, as a person who should have the

prepayment of the ordinary filing fee waived because he cannot afford it) and has filed

the required affidavit. Docket Item 2.

        Because Campbell meets the statutory requirements of 28 U.S.C. § 1915(a),

Docket Item 2, the Court grants his motion to proceed in forma pauperis. Therefore,

_____

[1] Campbell does not mention those claims in his complaint. On the civil cover
sheet submitted with his complaint, however, he identified the nature of his suit as
involving the Fair Labor Standards Act, along with "[a]ssault, [l]ibel[, s]lander" and
"[o]ther [p]ersonal [i]njury," *see* Docket Item 1-1. In light of Campbell's pro se status, the
Court liberally construes his pleading as raising such claims.

under 28 U.S.C. § 1915(e)(2), the Court screens the complaint.  And for the reasons

that follow, Campbell's claims will be dismissed under section 1915(e)(2) unless he files

an amended complaint correcting the deficiencies addressed below.

## **DISCUSSION**

Section 1915(e)(2) "provide[s] an efficient means by which a court can screen for

and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall

dismiss a complaint in a civil action "at any time if the court determines that . . . the

action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief."  *See* 28 U.S.C. § 1915(e)(2).

Generally, the court will afford a pro se plaintiff an opportunity to amend or to be

heard prior to dismissal "unless the court can rule out any possibility, however unlikely it

might be, that an amended complaint would succeed in stating a claim."  *Abbas*, 480

F.3d at 639 (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir.

1999)); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A pro se

complaint is to be read liberally.  Certainly the court should not dismiss without granting

leave to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated." (italics omitted) (quoting *Gomez*, 171 F.3d

at 795)).  But leave to amend pleadings may be denied when any amendment would be

"futile."  *Cuoco*, 222 F.3d at 112.

I.      SCREENING THE COMPLAINT

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a pro se complaint "must plead 'enough facts to state a claim to relief that is plausible on its face,'" *Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, although a pro se complaint need not provide every last detail in support of a claim, it must allege some facts that support the claim. *See id*. (concluding that district court properly dismissed pro se complaint under section 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*). And even pro se pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure*, see Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Campbell has sued "Michael Buongiorne Construction Ink [sic]" and "Michael Buongiorne Construction" for discriminating against him based on his race, color, and

3

national origin.  Docket Item 1 at 4-5.[2]  A liberal reading of the complaint tells the following story.

Campbell is a Jamaican national.  *Id.* at 5.  He says that when he worked for the defendants,[3] white workers could nap on the job, but that when he took a break, Michael Buongiorne would call him "lazy" and "stupid" and say that he acts like a child. *Id.*  Along the same lines, when Campbell submitted his work hours for approval, Buongiorne would call him a liar and accuse him of stealing time while routinely approving the overstated hours submitted by Campbell's white co-workers.  *Id.* Campbell also says that Buongiorne mentioned the KKK when referring to places where Campbell "should not go" and would sometimes tell Campbell that "this [is] not Jamaica" and that he should speak English so that Buongiorne could understand him.  *Id.*

When Campbell tried to bring up his concerns about this pattern of behavior, Buongiorne ignored him.  *Id.*  In fact, Buongiorne posted on Facebook a short time later that he doesn't have any workers, "only [a] bunch of kids," and that he did not want to run "a day care."  *Id.*  Campbell seeks damages as a result of the discrimination he suffered.  *Id.* at 6.

---

[2] Page numbers in docket citations refer to ECF pagination.

[3] Campbell's complaint names "Michael Buongiorne Construction Ink [sic]" and "Michael Buongiorne Construction" as the only defendants.  Docket Item 1 at 1.  Later in his complaint, however, he names Michael Buongiorne, presumably the principal or owner of the defendant companies, as the only other party to this action.  *Id.* at 2.  For the purposes of screening the complaint, the Court presumes that Michael Buongiorne is an individual who was affiliated with the two defendants and supervised Campbell's work.

## II.    CAMPBELL'S CLAIMS

The complaint raises claims under Title VII and the ADEA.  Docket Item 1 at 1.

Liberally construed, it also raises an FLSA claim and a variety of tort claims under New

York law.  *See* Docket Item 1-1 at 1.

### A.    Federal Claims

#### 1.    Title VII

To state a valid discrimination claim against a private employer under Title VII of

the Civil Rights Act of 1964, the plaintiff must allege that the defendant:

> (1) fail[ed] or refuse[d] to hire or . . . discharge[d the plaintiff], or otherwise
> . . . discriminate[d] against [the plaintiff] with respect to his compensation,
> terms, conditions, or privileges of employment, because of [his] race, color,
> religion, sex, or national origin; or (2) . . . limit[ed], segregate[d], or
> classif[ied] his employees or applicants for employment in any way which
> would deprive or tend to deprive [the plaintiff] of employment opportunities
> or otherwise adversely affect his status as an employee, because of [his]
> race, color, religion, sex, or national origin.

42 U.S.C. §§ 2000e-2(a)(1)-(2).  Construed liberally, Campbell's complaint alleges

discrimination with respect to the terms (time reporting requirements) and privileges

(break times) of his employment.  *See* Docket Item 1 at 5.

But Title VII claims can be brought only against those employers who have

"fifteen or more employees for each working day in each of twenty or more calendar

weeks in the current or preceding calendar year[.]"  42 U.S.C. § 2000e(b).  In his

complaint, Campbell says that the defendants have only four employees.  Docket Item 1

at 2.  Because the number of employees is a "substantive element of a plaintiff's [Title

VII] claim," *Johnson v. Allick*, 2019 WL 569106, at 4* (E.D.N.Y Feb. 12, 2019),

Campbell's Title VII claim is subject to dismissal.  *See Sinclair v. Ralph & Joan Forgione Ests.*, 2023 WL 4867308, at *2 (W.D.N.Y. July 31, 2023).

Nevertheless, in light of his pro se status, *see Cuoco*, 222 F.3d at 112, Campbell may amend his complaint to "include the necessary allegations clarifying . . . the number of employees."  *Sinclair*, 2023 WL 4867308, at *3.  In other words, if the defendants actually have more employees, Campbell may amend the complaint to allege that.  But if the complaint is correct and the defendants have only four employees, then Campbell may not bring a Title VII claim against them.

### 2.    Other Federal Claims

Campbell also raises claims under the ADEA and the FLSA.  Docket Item 1 at 1; Docket Item 1-1 at 1.  But the complaint does not include any facts in support of either of those claims.

First, as to his age-discrimination claim under the ADEA, Campbell does not provide his age or anything else upon which to base a claim for age discrimination.  *See* Docket Item 1 at 5; *see also* 29 U.S.C. § 623 (making it unlawful to "discriminate . . . because of an individual's age").  On the contrary, the facts alleged in the complaint suggest that any discrimination resulted from Campbell's race, color, and national origin—not his age.  *See* Docket Item 1 at 5.

Second, as to the claims under the FLSA, nothing in the complaint suggests that Buongiorne violated the minimum wage or overtime requirements of that statute. *See Matthew v. JP Morgan Chase Bank, NA*, 2019 WL 13277873, at *3 (E.D.N.Y. Apr. 4, 2019) (explaining that the FLSA provides a private right of action only when the plaintiff

6

alleges a violation of the statute's minimum wage or overtime provisions).  Campbell

says that his white coworkers received favorable treatment from Buongiorne, but he

does not allege that Buongiorne violated either actionable provision of the FLSA.  *See*

Docket Item 1 at 5.

Campbell's ADEA and FLSA claims are thus subject to dismissal.  But again, in

light of his pro se status, he may amend his complaint to state such claims.  In other

words, he may allege what the defendants did that suggests that they discriminated

against him because of his age and how the defendants violated the FLSA.

### B.    State Law Claims

Generally, federal courts have jurisdiction only in (1) cases between "citizens of

different [s]tates[,]" or between citizens of a state and those of a foreign state, where the

amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("diversity jurisdiction"),

and (2) cases "arising under" federal law ("federal question jurisdiction"), *see id.* § 1331.

But a federal court also may exercise supplemental jurisdiction over state law claims

"that are so related to claims . . . within [the court's] original jurisdiction that they form

part of the same case or controversy[.]"  *Id.* § 1367(a).  And a federal court may decline

to exercise supplemental jurisdiction over a state law claim if all claims over which it had

original jurisdiction have been dismissed.  *Id.* § 1367(c)(3); *see Valencia ex rel. Franco

v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

Campbell has not pleaded facts establishing diversity of citizenship; in fact, both

he and at least one of the defendants appear to be citizens of New York.  *See* Docket

Item 1 at 2.  Moreover, the Court does not have federal question jurisdiction over

Campbell's claims for "[a]ssault, [l]ibel[, s]lander" and "[o]ther [p]ersonal [i]njury," which arise under state law.  And there currently is no basis for supplemental jurisdiction because Campbell's federal claims are subject to dismissal.  *See* 28 U.S.C. § 1367(a).  For all those reasons, Campbell's state law claims will be dismissed unless he cures the deficiencies in his federal claims addressed above.

And even if Campbell cures the deficiencies in his federal claims, he must allege facts in support of his state law claims for those claims to survive dismissal.  Apart from a stray comment about Buongiorne's Facebook posts, the complaint does not say how the defendants allegedly injured Campbell by "[a]ssault, [l]ibel[, s]lander" and "[o]ther [p]ersonal [i]njury."  So for those claims to survive, Campbell must include facts supporting them.

## CONCLUSION

Because Campbell meets the statutory requirements of 28 U.S.C. § 1915(a), the Court grants his request to proceed in forma pauperis.  But his claims will be dismissed under 28 U.S.C. § 1915(e)(2) unless he files an amended complaint **within 45 days of the date of this order** that corrects the deficiencies noted above and otherwise complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Campbell is advised that an amended complaint is intended to ***completely replace*** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect."  *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancor*p, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint must include all allegations against each of the defendants so that

8

the amended complaint stands alone as the only complaint that the defendants must answer in this action.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that Campbell's motion to proceed in forma pauperis, Docket Item 2, is GRANTED; and it is further

ORDERED that Campbell may amend his claims **within 45 days of the date of this order**; and it is further

ORDERED that the Clerk of the Court shall send Campbell with this order a copy of the original complaint, a blank section 1983 complaint form, a blank employment discrimination form, and the instructions for preparing an amended complaint;[4] and it is further

ORDERED that if Campbell does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, his complaint will be dismissed without further order and the Clerk of the Court shall close the case; and it is further

ORDERED that if the complaint is dismissed, this Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and

---

[4] The plaintiff is advised that he may be eligible for help in amending his complaint and other matters from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project. The program can be reached by calling 716-847-0662, ext. 340, and leaving a message. Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.

therefore denies leave to appeal as a poor person.  *Coppedge v. United States*, 369

U.S. 438 (1962).  Campbell must file any notice of appeal with the Clerk's Office, United

States District Court, Western District of New York, within 30 days of the date of

judgment in this action.  Requests to proceed on appeal as a poor person must be filed

with the United States Court of Appeals for the Second Circuit in accordance with the

requirements of Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that Campbell shall notify the Court in writing if his address changes.

The Court may dismiss the action if Campbell fails to do so.


SO ORDERED.

Dated:   June 27, 2025
         Buffalo, New York



                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE